999 F.2d 542
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John C. BENJAMIN, Plaintiff-Appellant,
v.
BUREAU OF ALCOHOL, TOBACCO, & FIREARMS: Charles H. Turner,
U.S. Attorney; Nicholas F. Baily; Richard
Thornburgh, U.S. Attorney General,
Defendants-Appellees.
 No. 91-36069.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 14, 1993.
Decided July 26, 1993.
 
 1
 Before FARRIS and THOMPSON, Circuit Judges, and HARDY,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The district court upheld the decision of the BATF to revoke Benjamin's license to manufacture machine guns. The court found that on July 7, 1993, Benjamin willfully refused to allow inspectors from the BATF to have access to his premises, in violation of 18 U.S.C. § 923(g)(1)(B)(ii) and 27 C.F.R. § 178.23(b)(2). We review the district court's finding of fact for clear error. Securities & Exchange Comm'n v. American Principals Holding, Inc., 962 F.2d 1402, 1405 (9th Cir.1992).
 
 
 4
 Benjamin argues that the district court erred in not holding the government to the clear and convincing rather than the preponderance of the evidence standard of proof. We reject the argument. An agency decision to impose a sanction must be supported by a preponderance of the evidence. See Steadman v. SEC, 450 U.S. 91, 98-102 (1981). Section 923 does not indicate a higher standard, which is the same even when the sanction results in loss of occupation. See id. at 94.
 
 
 5
 Benjamin argues that the district court's finding that he willfully denied BATF agents access to his shop is clearly erroneous. On July 7, 1989, the inspectors requested access to the licensed premises and Benjamin refused. He argues that he thought that the agents wanted access to his mother's house, to which the licensed premises is attached. Benjamin stated on his application for a firearms license that his business was located in the shop attached to the residence. He testified that he understood "licensed premises" to mean his shop. The district court did not clearly err.
 
 
 6
 Benjamin argues that the BATF did not have the right to inspect his shop without a warrant. He also argues that the district court should have remanded the matter to the agency to reconsider the revocation, because the court found that Benjamin only refused access to the licensed premises on one of the three occasions cited by the BATF. Benjamin did not raise these issues before the district court. We will not review issues raised for the first time on appeal. Roberson v. United States, 382 F.2d 714, 718 (9th Cir.1967).
 
 
 7
 Affirmed.
 
 
 
 *
 Honorable Charles L. Hardy, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3